UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN



U.S. DIST. COURT EAST DIST. WISC.
FILED
JUL 1 3 2005
AT_____ O'CLOCK_____M
SOFRON B. NEDILSKY

DONNA DAWN (f/k/a Scott) KONITZER,

    Plaintiff,

v.

BYRAN BARTOW, MATTHEW J. FRANK,
THOMAS MICHLOWSKI, MARIO
CANZIANI, SHARON ZUNKER, DAVID
BURNETT, and THOMAS SPEECH,

    Defendants.

Case No. 03 CV 717

Hon. Charles N. Clevert, Jr.

## THIRD AMENDED COMPLAINT

Plaintiff, Donna Dawn (f/k/a Scott) Konitzer, by her undersigned attorneys, hereby brings this amended civil rights complaint against the Defendants and alleges as follows:

### PARTIES

1. The plaintiff Donna Dawn (f/k/a Scott) Konitzer is an adult resident of the State of Wisconsin, who is presently incarcerated at the Wisconsin Resource Center ("WRC"), P.O. Box 220, Winnebago, WI 54985. The plaintiff's Prisoner I.D. # is 105033.

2. Defendant Byran Bartow is an adult resident of the State of Wisconsin who at all times referenced in this amended complaint was employed as Director of the WRC.

3. Defendant Matthew J. Frank is an adult resident of the State of Wisconsin who at all times referenced in this amended complaint was employed as Secretary of the Department of Corrections ("DOC").

EXHIBIT A

001.1844547.1

4. Defendant Thomas Michlowski is an adult resident of the State of Wisconsin who at all times referenced in this amended complaint was employed as Medical Director of the WRC.

5. Defendant Mario Canziani is an adult resident of the State of Wisconsin who at all times referenced in this amended complaint was employed as Department Health and Family Services Security Director of the WRC.

6. Defendant Sharon Zunker is an adult resident of the State of Wisconsin who at all times referenced in this amended complaint was employed as Health Services Nursing Coordinator for the Bureau of Health Services of the DOC.

7. Defendant David Burnett is an adult resident of the State of Wisconsin who at all times referenced in this amended complaint was employed as Medical Director of the DOC.

8. Defendant Thomas Speech is an adult resident of the State of Wisconsin who at all times referenced in this amended complaint was employed as Clinical Director of the WRC.

9. All defendants are being sued in their official capacities.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4) in that this is a civil action arising under Constitution and laws of the United States, namely 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution, and a civil action to redress the deprivation, under the color of State law, of rights, privileges,

2

and immunities secured by said provisions and to recover damages or secure equitable relief for the protection of civil rights.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

12. On or about December 22, 1994, the plaintiff was introduced into the Wisconsin Department of Corrections prison population.

13. Since December 22, 1994, the plaintiff has been incarcerated at Waupun Correctional Institution ("WCI"), Dodge Correctional Institution ("DCI"), Green Bay Correctional Institution ("GBCI"), Columbia Correctional Institution ("CCI"), and the WRC. The plaintiff is currently incarcerated at the WRC and has been since September 2002.

14. Between 1994 and 2002, the plaintiff has been transferred between WCI, DCI, GBCI, CCI, and the WRC. Between 1998 and 2001, Plaintiff was housed at GBCI.

15. Upon information and belief, prison medical personnel diagnosed the plaintiff as having Gender Identity Disorder ("GID") sometime prior to December 1999.

16. GID is a disorder that necessitates specific medical and psychiatric treatment.

17. The defendants refuse to provide adequate medical care necessary for the treatment of an inmate suffering from GID.

3

18. On or about December 1999 at the request of a state-employed physician at GBCI, the plaintiff was started on hormone therapy. The request was approved by the former Medical Director of the DOC, George M. Daley.

19. The plaintiff had no female development prior to her incarceration.

20. As a result of the hormone therapy, plaintiff now has substantial female development.

21. The DOC's stated policy is to treat prisoners with GID in accordance with their external genitalia.

22. Treating an individual suffering from GID in accordance with his or her external genitalia fails to meet an adequate standard of medical care.

23. The plaintiff's external genitalia is male.

24. Since her incarceration plaintiff has engaged in multiple suicide and castration attempts as a result of defendants' inadequate medical treatment of her GID.

25. A number of the plaintiff's attempts at self-inflicted harm have resulted in hospitalization due to life-threatening complications.

26. Throughout her incarceration, the plaintiff has repeatedly alerted officials of her need for proper medical treatment in accordance with the medical standards for treating GID.

4

27. Despite this knowledge, the defendants have deliberately refused to provide the plaintiff with the adequate medical care necessary for the treatment of an inmate suffering from GID.

## CLAIM UNDER 42 U.S.C. § 1983 FOR VIOLATION OF EIGHTH AMENDMENT RIGHTS

28. Plaintiff incorporates by reference the allegations contained in paragraphs 1-27 of her complaint.

29. In committing the acts and omissions complained of herein, the defendants are and were at all times persons who were acting under color of the laws of the State of Wisconsin.

30. Under the Eighth Amendment to the Constitution of the United States, the plaintiff is protected from cruel and unusual punishment administered by persons acting under color of the laws of the State of Wisconsin, including the defendants.

31. The plaintiff suffers from GID, a serious medical condition.

32. By failing to administer proper treatment, including but not limited to, by implementing a policy that does not follow standard protocol for the treatment of GID, the defendants have failed to treat adequately the plaintiff's GID.

33. By failing to provide proper treatment for the plaintiff's GID, including but not limited to, by initiating hormone therapy for the plaintiff, but refusing to otherwise adequately treat plaintiff, the defendants' have unreasonably jeopardized the plaintiff's future health.

5

001.1844547.1

34. After being informed of plaintiff's medical condition and resulting needs the defendants, by their actions and omissions complained of herein, demonstrated deliberate indifference towards her that fails to meet the standards for proper medical care for the treatment of prisoners with GID.

35. By failing to properly treat the plaintiff's GID, the defendants worsened her serious medical condition and jeopardized her future health with deliberate indifference to both of these results, thereby violating the plaintiff's rights under the Eighth Amendment.

36. The actions and omissions of the defendants have resulted in serious physical and emotional harm to the plaintiff, including, but not limited to, inducing suicide attempts, auto-castration, and depression.

**WHEREFORE**, the plaintiff respectfully requests the following relief:

A. Judgment declaring that the acts and omissions of the defendants, as set forth above, violate rights secured to the plaintiff by the Eighth Amendment to the United States Constitution.

B. Preliminary and permanent injunctions:

(1) Enjoining the defendants, their employees, agents, and successors in office from providing medical care and treatment to the plaintiff that is inconsistent with the standards of medical care and treatment for GID in the State of Wisconsin as a whole;

(2) Enjoining the defendants, their employees, agents, and successors in office from refusing to provide and delaying provision of necessary medical treatment and care for GID to the plaintiff either at suitable and adequate facilities within the WRC or elsewhere;

(3)     Enjoining the defendants and their successors in office from failing to instruct, supervise and train their employees and agents in such a manner as to assure the delivery of medical treatment and care to the plaintiff which is consistent with the standards of medical care in the State of Wisconsin as a whole; and

(4)     That the Court establish a panel of independent medical experts to regularly evaluate the delivery of medical treatment and care administered to the plaintiff and insure the compliance of the defendants and their successors in office with the Court's Orders;

C.     Judgment for the plaintiff's costs and expenses of this action, including reasonable attorney's fees, pursuant to 42 U.S.C. § 1988 and any other applicable law; and

D.     Such further and additional prospective relief that is appropriate.

Dated this 11th day of July, 2005.

Thomas L. Shriner, Jr.
David M. Lucey
Brian E. Cothroll

Attorneys for Plaintiff, DONNA DAWN (f/k/a Scott) KONITZER

FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
Voice: 414.297.5567 (BEC)
Fax: 414.297.4900
Email: bcothroll@foley.com

7

001.1844547.1