# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DONNA DAWN KONITZER
a/k/a Scott Konitzer,

        Plaintiff,

        v.                       Case No. 03-C-717

BYRON BARTOW, MATTHEW J. FRANK,
TOM MICHLOWSKI, MARIO CANZIANI,
SHARON ZUNKER, TOM BURNETT,
and TOM SPEECH

        Defendants.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND
GRANTING MOTION FOR PRELIMINARY INJUNCTION BARRING DEFENDANTS
FROM WITHDRAWING PLAINTIFF'S HORMONAL THERAPY

A telephonic hearing was conducted by the court on January 18, 2006, for initial consideration and scheduling of Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Enjoining Defendants from Stopping Plaintiff's Hormonal Therapy, filed January 17, 2006. The plaintiff appeared by Attorneys Brian E. Cothroll and Leon W. Todd; and the defendants appeared by Assistant Attorney General Jody J. Schmelzer.

The plaintiff, a Wisconsin prison inmate, brings this civil rights action under 42 U.S.C. §1983 and the Eighth Amendment to redress an alleged deprivation of rights and immunities, under color of state laws. The plaintiff claims that the defendants refuse to provide the plaintiff adequate medical care necessary for the treatment of plaintiff's Gender Identity Disorder (GID). The Third Amended Complaint asserts, in part, that the defendants have unreasonably jeopardized the plaintiff's future health and that they are deliberately

indifferent to the plaintiff's serious medical needs under the Eighth Amendment of the United States Constitution.

Also pending before the court is the defendants' motion for summary judgment brought pursuant to Fed. R. Civ. P. 56. The motion was accompanied by supporting briefs, affidavits, exhibits and proposed findings. Opposing submissions have been filed by the plaintiff and the motion will be decided in due course.

The plaintiff's emergency motion of January 17, filed pursuant to Fed. R. Civ. P. 65, asks this court to direct the defendants and persons acting under their authority to continue administration of the hormonal therapy that the plaintiff has been receiving while in the defendants' custody at the Wisconsin Resource Center. According to the plaintiff's brief and declarations by Frederic M. Ettner, M.D. and one of the plaintiff's attorneys, Leon W. Todd, the plaintiff has been receiving female hormonal and anti-adrogen therapy since 1999 for treatment of GID. They submit that Wis. Stat. § 302.386(5m), enacted January 6, 2006, also known as the "Inmate Sex Change Prevention Act," will become effective on January 24, 2006, and that pursuant to the statute, the defendants will begin reducing the plaintiff's hormone therapy with the intention of eventually stopping it completely. The papers supporting the motion add that all of the plaintiff's endocrine functions and organ systems will be affected by cessation of the therapy, including but not limited to the cardiovascular system, metabolic function, gonadal function, pancreatic function, and adrenal function. Further, they maintain that the plaintiff's depression will become more acute, blood pressure will rise and suicide ideation will accelerate. Consequently, the plaintiff concludes that the Eighth Amendment's ban on cruel and unusual punishment and the Ex Post Facto Clause of article

2

I, section 10 of the United States Constitution support injunctive relief and entry of an order barring the defendants from terminating the plaintiff's hormonal therapy.

During the telephonic hearing on January 18, defense counsel acknowledged receipt of the plaintiff's motion and advised that the defense needs time to prepare for a full hearing on a preliminary injunction. The ensuing statements of the plaintiff's counsel and defense counsel noted that the defendants acknowledge, at least for the purpose of their motion for summary judgment, that the plaintiff has GID and is receiving hormonal therapy for the condition. The defendants plan to wean the plaintiff from hormonal therapy starting January 24, based on the Inmate Sex Change Prevention Act, Wis. Stat. § 302.386(5m). Moreover, the defendants did not dispute that an Assistant Professor Psychotherapist/ Forensic Consultant/Human Service Consultant, whose report they rely on in support of their motion for summary judgment, states "that to discontinue that [hormonal] treatment at this point, given the considerable feminine development that has occurred [with the plaintiff] and the inmate's reported satisfaction with that development, would be cruel and clinically inappropriate. GID is accepted in the medical nomenclature as a psychiatric illness that requires treatment. And hormonal reassignment is one recognized treatment for GID." ( Ex. 95 at 34.)

To prevail on a motion for a preliminary injunction, the plaintiff must establish (1) a likelihood of success on the merits of at least one of the plaintiff's claims; (2) that there is no adequate remedy at law; and (3) that the plaintiff will suffer irreparable harm if the injunction is not granted. *Promatek Industries, Ltd. v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002); *see also Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992). If these three conditions are met, the court must balance the harm to the plaintiff if the injunction

is not issued against the harm to the defendants if it is issued. *Storck v. Farley Candy Co.*, 14 F.3d 311, 314 (7th Cir. 1994). This balancing involves a sliding scale analysis: the greater the plaintiff's chances of success on the merits, the less strong a showing the plaintiff must make that the balance of harm is in its favor. *Id.*

Based on the record in this case, including the statements of counsel at the January 18 telephonic hearing, the court finds that the plaintiff has established a basis for a temporary injunction. Specifically, it is likely that the plaintiff can establish an Eighth Amendment violation inasmuch as the withdrawal of hormonal therapy will injure the plaintiff's long term health, and the adverse effects will be irreparable. Moreover, money damages would not provide an adequate remedy to the plaintiff. Further, the balance of harms tips in favor of the plaintiff because the Wisconsin Department of Corrections has been administering hormones to the plaintiff since 1999, ostensibly for health reasons, and at least one of the defendants' witnesses agrees with the plaintiff's claim that termination of that therapy would be cruel and clinically inappropriate. With due regard for this proof, continuing the plaintiff's hormone treatments is more important than the saving of state and federal funds that must be expended for the treatments pending a further preliminary injunction hearing. For the reasons stated above and those set forth in the record of the hearing of January 18, 2006,

IT IS ORDERED that the plaintiff's motion for preliminary injunction is granted.

IT IS FURTHER ORDERED, nunc pro tunc 3:51 p.m., January 18, 2006, that the defendants and anyone acting under their authority or the authority of the State of Wisconsin, is enjoined until February 7, 2006, from withdrawing from the plaintiff any hormone therapy prescribed as of January 17, 2006.

IT IS FURTHER ORDERED that no security for costs is warranted with respect to the plaintiff's motion.

IT IS FURTHER ORDERED that a telephonic status conference is scheduled for January 27, 2006, at 11:30 a.m.

IT IS FURTHER ORDERED that a full hearing on the plaintiff's motion for preliminary injunction shall commence February 7, 2006, at 1:00 p.m., In Courtroom 222 U. S. Courthouse, 517 East Wisconsin Ave., Milwaukee, Wisconsin.

Inasmuch as the plaintiff failed to present specific facts establishing that immediate and irreparable injury would be suffered by the plaintiff before the defendants were heard, as required by Fed. R. Civ. P. 65(b),

IT IS FURTHER ORDERED that plaintiff's motion for a Temporary Restraining Order is denied.

Dated at Milwaukee, Wisconsin, this 20th day of January, 2006.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge