UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SCOTT KONITZER,
 a/k/a/ Donna Dawn Konitzer,

    Plaintiff,

v.                                                                  Case No. 03-C-717

BRYAN BARTOW, MATTHEW J. FRANK,
THOMAS MICHLOWSKI, MARIO CANZIANI
SHARON ZUNKER, DAVID BURNETT, and
THOMAS SPEECH

    Defendants.

---

## SUBSTANTIVE PROVISIONS OF SETTLEMENT AGREEMENT

THE PARTIES AGREE AS FOLLOWS:

1. The Department of Corrections (DOC) will contract with an outside medical specialist with expertise in endocrinology or gender identity disorder (GID) to independently evaluate the plaintiff with follow-up evaluations to occur at intervals recommended by the medical specialist. This evaluation may occur in person, by telemedicine and/or record review.

2. The plaintiff will be provided state-issued brassieres and underwear consistent with those provided to inmates at Taycheedah Correctional Institution (TCI) in accordance with DOC policies as to allowable property limits. The DOC will provide the plaintiff access to the TCI canteen catalogue to select brassieres and underwear available to TCI inmates. DOC will purchase these items on a one-time basis in a quantity that is allowable under DOC property guidelines.

3.  DOC will continue the plaintiff's hormone therapy consistent with state law, unless such therapy is medically contraindicated or the plaintiff agrees to the cessation of such therapy.

4.  DOC will continue to provide medical and mental health treatment to the plaintiff as recommended by state correctional healthcare personnel. DOC will consider the recommendations of the independent outside medical specialist.

5.  DOC will commit to secure the plaintiff privacy in the shower and toilet.

6.  DOC will not oppose a legal name change for the plaintiff in state court and will respond accordingly.

7.  DOC agrees to provide the plaintiff with access to a DVD player for one hour per week to utilize a speech therapy DVD. The DVD will be reviewed by DOC personnel for security purposes prior to providing the DVD to the plaintiff for use. The DOC agrees to purchase the DVD in the amount of approximately $50.00.

8.  DOC agrees to forgive all debt that the plaintiff owes to DOC as of September 1, 2010, including legal loans and restitution to DOC. This provision does not absolve DOC of the obligation to collect, or limit DOC's ability to collect, any monies currently owed to third parties, which DOC is obligated to collect. This provision also does not prevent DOC from assessing or collecting any obligations incurred after September 1, 2010.

9.  DOC agrees that the plaintiff will have access to generic Propecia provided that (a) there are no medical contraindications to such a prescription; (b) the plaintiff does not divert or misuse the medication; and (c) the plaintiff does not choose to discontinue the medication. Once access to the medication is lost for any of these reasons, DOC will be under no obligation to restart it.

10. DOC will pay for a six month supply of generic Propecia. After the six-month period has expired, the plaintiff must bear the entire cost of the medication and pay for the medication before it is dispensed.

11. DOC agrees that the plaintiff will be offered an entry-level work assignment within 60 days after properly completing the application process. Retention, promotion, or reassignment in any work assignment will be based on the same criteria that apply to any other inmate.

12. DOC agrees to investigate the availability of nonprescription hypoallergenic hair removal products available through the institution canteen vendor and make them available for the plaintiff to purchase, provided that the items do not present any security concerns.

13. The plaintiff agrees to release all claims against the State of Wisconsin or any of its employees or agents arising in any way out of incarceration or hospitalization for any events that have occurred on or before September 1, 2010.

14. The parties agree that this agreement is the settlement of a disputed claim. It is not to be construed as an admission on the part of the State of Wisconsin, the Department of Corrections, or any of their employees that the care and treatment that the plaintiff received violated the 8th Amendment or deviated from any applicable standards of care, nor is it intended to establish a standard of care or constitutional standard for the treatment of the plaintiff or any other inmate.

15. Upon execution of a release of claims and settlement agreement and stipulation of dismissal, the parties agree that the court will close the case. Within one year, any party may move to reopen the case solely for the purpose of enforcement of the settlement agreement.

9-1-10
Date

*[signature: Scott Konitzer (a/k/a Donna Dawn Konitzer)]*
Scott Konitzer (a/k/a Donna Dawn Konitzer)
Plaintiff

9/1/10
Date

*[signature: Kathy L. Nusslock]*
Atty. Kathy L. Nusslock
State Bar no. 1014027
Davis & Kuelthau SC
111 East Kilbourn Ave Ste 1400
Milwaukee, WI 53202-6677
Attorneys for plaintiff

9/1/10
Date

*[signature: Timothy C. Lundquist]*
Timothy C. Lundquist
Deputy Secretary
Wisconsin Department of Corrections

9-1-10
Date

*[signature: Jody J. Schmelzer]*
Jody J. Schmelzer
Assistant Attorney General
State Bar no. 1027796
Wisconsin Department of Justice
17 West Main Street
P.O. Box 7857
Madison, WI 53707-7857
Attorneys for defendants

___ Timothy C. Lundquist       ___ Scott Konitzer a/k/a Donna
Dawn Konitzer
___ AAG Jody Schmelzer