Rev. 5/85) Judgment in a Civil Case ®

# United States District Court

EASTERN DISTRICT OF WISCONSIN

SCOTT KONITZER,
also know as, Donna Dawn Konitzer,

    v.

MATTHEW J. FRANK, et al.

**JUDGMENT IN A CIVIL CASE**
CASE NO. 03-C-717

This action came before the court, the issues have been decided and a decision has been rendered. Now, therefore,

**IT IS ORDERED AND ADJUDGED**

The Court approves the parties' Settlement Agreement which provides as follows:

    1.    The Department of Corrections (DOC) will contract with an outside medical specialist with expertise in endocrinology or gender identity disorder (GID) to independently evaluate the plaintiff with follow-up evaluations to occur at intervals recommended by the medical specialist. This evaluation may occur in person, by telemedicine and/or record review.

    2.    The plaintiff will be provided state-issued brassieres and underwear consistent with those provided to inmates at Taycheedah Correctional Institution (TCI) in accordance with DOC policies as to allowable property limits. The DOC will provide the plaintiff access to the TCI canteen catalogue to select brassieres and underwear available to TCI inmates. DOC will purchase these items on a one-time basis in a quantity that is allowable under DOC property guidelines.

    3.    DOC will continue the plaintiff's hormone therapy consistent with state law, unless such therapy is medically contraindicated or the plaintiff agrees to the cessation of such therapy.

    4.    DOC will continue to provide medical and mental health treatment to the plaintiff as recommended by state correctional healthcare personnel. DOC will consider the recommendations of the independent outside medical specialist.

    5.    DOC will commit to secure the plaintiff privacy in the shower and toilet.

6. DOC will not oppose a legal name change for the plaintiff in state court and will respond accordingly.

7. DOC agrees to provide the plaintiff with access to a DVD player for one hour per week to utilize a speech therapy DVD. The DVD will be reviewed by DOC personnel for security purposes prior to providing the DVD to the plaintiff for use. The DOC agrees to purchase the DVD in the amount of approximately $50.00.

8. DOC agrees to forgive all debt that the plaintiff owes to DOC as of September 1, 2010, including legal loans and restitution to DOC. This provision does not absolve DOC of the obligation to collect, or limit DOC's ability to collect, any monies currently owed to third parties, which DOC is obligated to collect. This provision also does not prevent DOC from assessing or collecting any obligations incurred after September 1, 2010.

9. DOC agrees that the plaintiff will have access to generic Propecia provided that (a) there are no medical contraindications to such a prescription; (b) the plaintiff does not divert or misuse the medication; and (c) the plaintiff does not choose to discontinue the medication. Once access to the medication is lost for any of these reasons, DOC will be under no obligation to restart it.

10. DOC will pay for a six month supply of generic Propecia. After the six-month period has expired, the plaintiff must bear the entire cost of the medication and pay for the medication before it is dispensed.

11. DOC agrees that the plaintiff will be offered an entry-level work assignment within 60 days after properly completing the application process. Retention, promotion, or reassignment in any work assignment will be based on the same criteria that apply to any other inmate.

12. DOC agrees to investigate the availability of nonprescription hypoallergenic hair removal products available through the institution canteen vendor and make them available for the plaintiff to purchase, provided that the items do not present any security concerns.

13. The plaintiff agrees to release all claims against the State of Wisconsin or any of its employees or agents arising in any way out of incarceration or hospitalization for any events that have occurred on or before September 1, 2010.

14. The parties agree that this agreement is the settlement of a disputed claim. It is not to be construed as an admission on the part of the State of Wisconsin, the Department of Corrections, or any of their employees that the care and treatment that the plaintiff received violated the 8th Amendment or deviated from any applicable standards of care, nor is it intended to establish a standard of care or constitutional standard for the treatment of the plaintiff or any other inmate.

15. Upon execution of a release of claims and settlement agreement and stipulation of dismissal, the parties agree that the court will close the case. Within

Case 2:03-cv-00717-CNC   Filed 12/27/10   Page 2 of 3   Document 311

2

one year, any party may move to reopen the case solely for the purpose of enforcement of the settlement agreement.

This action is **DISMISSED**.

The court retains jurisdiction over the Settlement Agreement for one year from the date of entry of judgment. Within one year, any party may move to reopen this case solely to enforce the Settlement Agreement.

This dismissal is without prejudice solely as to the one-year retention of jurisdiction over the Settlement Agreement; for all other purposes the case is at an end and may not be reopened.

APPROVED:  s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
Chief U. S. District Judge

JON W. SANFILIPPO
Clerk

12/27/10   s/ C. Fehrenbach
Date   (By) Deputy Clerk