# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SCOTT KONITZER,
also known as Donna Dawn Konitzer,

        Plaintiff,

        v.         Case No. 03-CV-717

MATTHEW J. FRANK, et al.,

        Defendants.

ORDER DENYING PLAINTIFF'S MOTION TO VACATE (DOC. #350), DENYING PLAINTIFF'S MOTION TO VACATE (DOC. #362), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE EXCESS PAGES (DOC. #401), DENYING AS MOOT PLAINTIFF'S MOTION TO ORDER THE CLERK OF COURT TO PROVIDE PLAINTIFF EIGHT SUBPOENA FORMS (DOC. #406), AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED REPLY (DOC. #407)

Before the court are plaintiff's motions respecting enforcement of the parties' the Settlement Agreement that was entered as a result of mediation before U.S. Magistrate Judge Patricia J. Gorence.[1] The motions are fully briefed and ready for resolution. For the reasons stated herein, the court finds that defendants are complying with the Settlement Agreement, there is no need to enter an enforcement order and that no further relief is warranted.

Plaintiff contends that defendants have not complied with Paragraph 1 of the Settlement Agreement that they "contract with an outside medical specialist with expertise in endocrinology or gender identity disorder (GID) to independently evaluate the plaintiff

---

[1] Plaintiff's motions also contend that the Settlement Agreement is void and should be rescinded. The parties entered into a Settlement Agreement on September 1, 2010, judgment was entered on December 27, 2010, and the court retains jurisdiction in this action until December 27, 2011, solely for the purpose of enforcement of the Settlement Agreement. The court will not address plaintiff's argument that are not related to enforcement of the Settlement Agreement.

with follow-up evaluations to occur at intervals recommended by the medical specialist." (Docket No. 309, Ex. A.) However, the record reveals that the DOC contracted with Dr. Steven W. Brown to evaluate plaintiff. (Burnett Aff. ¶ 4, Docket No. 387.) Dr. Brown is Board-certified in internal medicine, has an active practice in transgendered medicine, and is a member of the Worth Professional Association of Transgender Health. *Id.* Dr. Brown independently evaluated plaintiff on January 27, 2011, and prepared a six-page report after the consultation. (Burnett Aff. ¶ 8; Konitzer Aff., Docket No. 351, Ex. I at 142-47.)

Plaintiff also contends that defendants have not complied with paragraph 4 of the Settlement Agreement, which provides that the "DOC will continue to provide medical and mental health treatment to the plaintiff as recommended by state correctional healthcare personnel. DOC will consider the recommendations of the independent outside medical specialist." The record reveals that plaintiff has been receiving treatment in compliance with the Settlement Agreement. Specifically, Dr. Burnett and other DOC medical staff discussed and considered Dr. Brown's recommendations. (Burnett Aff. ¶ 10.) In a letter dated March 22, 2011, Dr. Burnett informed plaintiff of the DOC's decision regarding each of eight paragraphs within the Recommendations section of Dr. Brown's report. (Burnett Aff. ¶ 11; Konitzer Aff., Docket No. 351, Ex. I at 149-150.) The DOC adopted Dr. Brown's recommendations as to paragraphs (1), (2), (3), and (5) of his report. *Id.* The DOC declined to adopt Dr. Brown's suggestion of laser or electrolysis for facial hair removal and decided not to ask Dr. Brown to render an opinion on gender affirmation surgery or seeking a psychiatric consultation of the feasability of a real life experience with the prison system. *Id.*

In addition to the consultation with Dr. Brown, the DOC has worked with plaintiff respecting concerns related to the Settlement Agreement. Following a lengthy telephone conversation between plaintiff and Assistant Attorney General Schmelzer, the DOC agreed to work with plaintiff on several issues not mandated by the Settlement Agreement, including allowing plaintiff to exchange five brassieres that were ordered too large, providing plaintiff with female "long underwear" as part of Paragraph 2 of the Agreement, and allowing plaintiff to listen to the CD version of the speech therapy DVD as part of Paragraph 7 of the Agreement.

Lastly, plaintiff filed a motion for leave to file an amended, shorter reply brief based on her belief that the court would prefer a shorter brief. Plaintiff asserts there was inadequate time to shorten the first brief before it was due. However, the court relied on the first brief and submission of the shorter brief is not necessary. Therefore,

**IT IS ORDERED** that plaintiff's motion to vacate (Docket #350) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to vacate (Docket #362) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file excess pages (Docket #401) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to order the Clerk of Court to provide plaintiff with eight subpoena forms (Docket #406) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file amended reply (Docket #407) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 29th day of November, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge