# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SCOTT KONITZER
also known as, Donna Dawn Konitzer,

      Plaintiff,

      v.                                   Case No.    03-CV-717
                                              Appeal Nos.  11-3843
                                                                  12-1058

MATTHEW J. FRANK, TOM MICHLOWSKI,
MARIO CANZIANI, SHARON ZUNKER,
TOM SPEECH, DR. DAVID BURNETT,
and BYRAN BARTOW,

      Defendants.

ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO RETAIN THE RECORD ON APPEAL (DOC. 426), DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DOC. 427), DENYING PLAINTIFF'S MOTION TO SUPPLEMENT APPEAL RECORD (DOC. 430), AND DENYING PLAINTIFF'S MOTION TO CORRECT APPEAL RECORD (DOC. 431)

On December 21, 2011, plaintiff filed a notice of appeal of this court's orders of October 31, 2011, and November 29, 2011 (Appeal No. 11-3843), and on January 9, 2012, plaintiff filed a notice of appeal of this court's order of November 29, 2011 (Appeal No. 12-1058). Before the court is plaintiff's motion for leave to proceed in forma pauperis on appeal.

Under the Federal Rules of Appellate Procedure, a party who has been granted leave to proceed in forma pauperis in the district court may proceed in forma pauperis on appeal unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed in forma pauperis. Fed. R. App. P. 24(a)(3); *see also* 28 U.S.C. § 1915(a)(3). An appeal taken in "good faith" is one

that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738 (1967)); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). To act in bad faith means to sue on the basis of a claim that no reasonable person could suppose to have any merit. *See Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (holding that an appeal in a frivolous suit cannot be "in good faith" under 28 U.S.C. § 1915(a)(3) because "good faith" must be viewed objectively). Thus, the existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition.

As indicated, plaintiff appeals this court's orders of October 31, 2011, and November 29, 2011. Plaintiff's Appeal No. 11-3843 (Doc. 415), which appeals both orders, does not provide any reasons in support thereof. The court's October 31, 2011, order granted plaintiff's motion for extension of time to file a reply brief and denied as premature a request for subpoena forms. (Doc. 399.)

Plaintiff's Appeal No. 12-1058 (Doc. 419) appeals the November 29, 2011, order only. The notice of appeal states that the order denied plaintiff's Rule 60(b) motion to rescind the parties' fraudulently induced Settlement Agreement. Plaintiff contends that defendants committed serious and possibly criminal fraud before, during, and after their mediation and settlement of this case.

Contrary to plaintiff's assertion, the November 29, 2011, order did not address fraud and was limited to enforcement of the Settlement Agreement. (Doc. 410, Court's Order of November 29, 2011, at 1 n.1.) Moreover, plaintiff filed an appeal related to allegations of fraud during the settlement of this case and on April 19, 2011, this court denied plaintiff's

2

petition to proceed in forma pauperis on appeal relative to that issue. (Doc. 337.) That appeal (Appeal No. 11-1450) was dismissed by the Seventh Circuit Court of Appeals for failure to pay the filing fee. (Doc. 339.)

In *Lee*, the Seventh Circuit Court of Appeals held that "good faith" for purposes of § 1915 is the common "legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." 209 F.3d at 1026. After reviewing plaintiff's issues on appeal, in light of *Lee*, this court concludes that the appeals have not been taken in good faith because no reasonable person could conclude that the claims advanced by plaintiff have merit.

Nevertheless, plaintiff incurred the filing fee by filing the notices of appeal. *Newlin v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997), rev'd on other grounds by, *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). That this court is denying the request to proceed in forma pauperis on appeal means that the full filing fee of $455.00 is due within fourteen days of this order. *Id.*; Seventh Circuit Rule 3(b). Failure to pay in full within the time limits will result in a dismissal. *Newlin*, 123 F.3d at 434.

## Additional Motions

Plaintiff has filed a motion to temporarily retain the appeal record in the district court for use in preparing the appeal. *See* Fed. R. App. P. 11(c) (district court may order that the district clerk retain the record temporarily for the parties to use in preparing the papers

3

on appeal). The motion asks that the district court retain the record for twenty-one days, or until February 9, 2012. Hence, it is now moot.

On January 30, 2012, plaintiff filed a request that the entire record be sent to the Seventh Circuit Court of Appeals because a docket report was not received. However, plaintiff will be sent a copy of the docket report along with this order. Plaintiff also requests that the trial transcript from *Fields v. Raemisch*, Eastern District Case Number 06-CV-112, be sent to the court of appeals because it is relevant to this case and there are several common defendants. This request must be directed to the Seventh Circuit Court of Appeals. *See* Fed. R. App. P. 10(e)(3).

A motion to correct the appeal record was filed on January 30, 2012, with the assertion that plaintiff filed a notice of appeal on December 8, 2011, but never received a response. Because of alleged legal mail interference, plaintiff contends that Appeal No. 11-3843, should be combined with Appeal No. 12-1058, and that both appeals be considered as one appeal. However, this court does not have jurisdiction to consolidate plaintiff's appeals. Therefore,

IT IS ORDERED that plaintiff's motion to retain the record on appeal (Doc. 426) is DENIED AS MOOT.

IT IS FURTHER ORDERED that plaintiff's motion for leave to appeal in forma pauperis (Doc. 427) is DENIED because this court certifies that such appeals have been taken in BAD FAITH.

IT IS FURTHER ORDERED that plaintiff forward to the Clerk of Court the sum of $455.00 as the full filing fee by February 27, 2012. Plaintiff's failure to comply with this

4

order will result in dismissal of the appeals. The payment shall be identified by the case name and number assigned to this action.

IT IS FURTHER ORDERED that plaintiff's motion to supplement appeal record (Doc. 430) is DENIED.

IT IS FURTHER ORDERED that the Clerk's Office send plaintiff a copy of the case docket.

IT IS FURTHER ORDERED that plaintiff's motion to correct appeal record (Doc. 431) is DENIED.

IT IS FURTHER ORDERED that copies of this order be sent to the warden of the institution where plaintiff is confined, and to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois, 60604.

Dated at Milwaukee, Wisconsin, this 14th day of February, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge